UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SAMUEL RIOS, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 18-5854 |
| v. | : | ORDER ADOPTING REPORT & RECOMMENDATION |
| BERGEY'S INC., | : | |
| Defendant. | : | |

This matter came before the Court upon the Report and Recommendation of the Honorable Joel Schneider, United States Magistrate Judge [Docket No. 21], entered March 4, 2019, which recommended that pro se Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b) for failure to comply with the Court's scheduling and discovery Orders; and

The parties were advised on that date that any objections to this Report and Recommendation were to be served and filed with the Clerk of Court within fourteen (14) days thereof, pursuant to Fed. R. Civ. P. 72(b) and L. Civ. R. 72.1(a)(2); and

No objections to the Report and Recommendation have been received, and the time for objections has expired; and

The Court has independently reviewed the record and the Report and Recommendation and hereby adopts it as the Opinion of this Court;

IT IS ORDERED this 20th day of March, 2019 that this Court hereby ADOPTS the Report and Recommendation of the Honorable Joel Schneider, U.S. Magistrate Judge entered March 4, 2019 [Docket No. 21]; and

IT IS FURTHER ORDERED that pro se Plaintiff's Complaint is hereby DISMISSED pursuant to Fed. R. Civ. P. 16(f) and 37(b) for failure to comply with the Court's scheduling and discovery Orders.

_____
JOSEPH H. RODRIGUEZ
U.S.D.J.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

SAMUEL RIOS,

    Plaintiff,

v.

BERGEY'S INC. et al.,

    Defendants.

Civil No. 18-5854 (JHR/JS)

## REPORT AND RECOMMENDATION REGARDING DISMISSAL OF PLAINTIFF'S COMPLAINT

This matter has been raised by defendant Bergey's Inc. because of pro se plaintiff's failure to comply with this Court's scheduling and discovery Orders. For the reasons to be discussed, it is respectfully recommended that plaintiff's complaint be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b). This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1). The Court makes the following findings in support of this Recommendation.

### BACKGROUND

Plaintiff Samuel Rios filed this action on March 9, 2018 in the Superior Court of New Jersey, Gloucester County, Law Division against Bergey's Inc. d/b/a Bergey's Commercial Tire Centers ("defendant" or "Bergey's") and John Does 1-10 alleging claims pursuant to the New Jersey Law Against Discrimination ("NJLAD").

1

More specifically, plaintiff alleged claims of discrimination, harassment, and retaliation, contending that Bergey's pretextually terminated plaintiff under false accusations of theft. See Compl. [Doc. No. 1]. On April 10, 2018, Bergey's removed the case to federal court and an initial conference was set for May 9, 2018. In its answer [Doc. No. 6], Bergey's denied all material allegations of plaintiff's complaint, raised affirmative defenses, and asserted it had a photo of plaintiff in the act of stealing tires to refute plaintiff's claims of pretext. Plaintiff was initially represented in this action by Deborah L. Mains, Esq., Kevin M. Costello, Esq., and Marisa Jean Hermanovich, Esq. of the Law Offices of Costello & Mains, P.C.

Plaintiff's counsel appeared at the initial scheduling conference held on May 9, 2018. In a letter dated September 27, 2018, and pursuant to the Court's May 9, 2018 Scheduling Order [Doc. No. 9], Bergey's informed the Court of an ongoing discovery dispute with plaintiff. Defendant stated the parties had initially agreed to allow for "additional time to respond to their respective discovery requests" and advised the Court that defendant's responses were provided to plaintiff on August 27, 2018. Defendant further advised the Court that plaintiff's responses were still outstanding and his counsel had indicated that it could not provide defendant with a time frame for plaintiff responding.

On October 1, 2018, the Court Ordered plaintiff to respond to Bergey's written discovery by October 8, 2018. See Doc. No. 10. The next day, plaintiff's counsel filed a motion to withdraw as counsel [Doc. No. 11] stating plaintiff's "fail[ure] to cooperate in the prosecution of his litigation" as the basis for her motion. See Cert. of Deborah L. Mains ¶ 5 [Doc. No. 11-1]. Counsel contended her "firm [had] made multiple efforts to secure [p]laintiff's cooperation in the provision of responses to interrogatories and document requests served upon" plaintiff by defendant. Id. ¶ 6. Counsel further contended that, despite her best efforts, plaintiff had "failed to appear for three separate appointments in June 2018." Id. ¶ 7. After missing his third appointment, counsel stated plaintiff "ceased all communication," did not respond to emails, phone calls, or other attempts at correspondence, and certified mail sent to plaintiff was returned to counsel as "unclaimed." Id. ¶¶ 8-10. Counsel then advised the Court that plaintiff had called her office on October 2, 2018, which was "the first communication [counsel] [] had with [plaintiff] since June 28, 2018." Id. ¶ 13. Nevertheless, "based upon the tenor, tone[,] and substance of the communication," counsel stated her attorney-client relationship with plaintiff was "irretrievably damaged," rendering her decision to withdraw as plaintiff's counsel unchanged. Id. ¶¶ 15-16.

3

On October 3, 2018, the Court Ordered that oral argument on the motion to withdraw was scheduled for November 5, 2018. See Letter Order [Doc. No. 12]. The Court directed plaintiff's counsel to serve her motion papers and the Court's Order on plaintiff and Ordered plaintiff "to be present at the scheduled argument." Id. Plaintiff did not appear at oral argument. See Order, Nov. 5, 2018 [Doc. No. 15].

The Court ruled on plaintiff's counsel's motion at the close of argument and entered an Order granting counsel's request to withdraw. See id. Plaintiff was Ordered to secure new counsel and arrange for them to enter an appearance on his behalf by December 7, 2018, or plaintiff would be deemed to be proceeding pro se. See id. at 3. In addition, the Court Ordered that an in-person status conference was scheduled for December 18, 2018, directing that plaintiff or his attorney shall appear in-person. Id. The Court advised plaintiff his "failure to appear may result in the imposition of sanctions." Id. No new counsel entered an appearance on plaintiff's behalf prior to the Court-Ordered December 7, 2018 deadline, nor by the December 18, 2018 status conference. No appearance was made by plaintiff, or by counsel on his behalf, at the December 18, 2018 status conference. See Order, Dec. 19, 2018 [Doc. No. 16].

On December 19, 2018, the Court issued an Order to Show Cause ("OSC") as to why plaintiff should not be sanctioned for failing

4

to appear at the December 18, 2018 status conference. Id. Plaintiff was further Ordered to appear on January 17, 2019 for a hearing on the OSC. Id. Plaintiff was advised that:

> **FAILURE TO APPEAR** in response to this Order to Show Cause may result in the imposition of sanctions. If plaintiff does not appear in response to this Order, this will indicate to the Court that plaintiff has abandoned his case. The Court may thereafter recommend that the case be dismissed.

Id. No appearance was made on plaintiff's behalf at the hearing to show cause on January 17, 2019. See Minute Entry, Jan. 17, 2019 [Doc. No. 18].

Subsequently, the Court issued its second OSC as to why plaintiff should not be sanctioned for his unexcused failure to appear at the status conference scheduled on December 18, 2018 and the hearing on January 17, 2019. See Second Order, Jan. 17, 2019 [Doc. No. 19]. Plaintiff was Ordered to appear on February 1, 2019 in response to the Court's second OSC. Id. Plaintiff was again advised that:

> **FAILURE TO APPEAR** in response to this Order to Show Cause may result in the imposition of sanctions. If plaintiff does not appear in response to this Order, this will indicate to the Court that plaintiff has abandoned his case. The Court will thereafter recommend that the case be dismissed.

Id. Plaintiff did not appear at the February 1, 2019 hearing. See Doc. No. 20.

**DISCUSSION**

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), if a party fails to obey a discovery Order a court may enter an Order "dismissing the action or proceeding in whole or in part." Dismissal is an "extreme" sanction, reserved for cases where a party has acted in "flagrant bad faith" and "callous disregard of [his or her] responsibilities." Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976). The Third Circuit has also recognized that courts have the inherent equitable power to dismiss an action as a sanction for failure to prosecute, contempt of court, or abuse of litigation practices. See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1179 n.15 (3d Cir. 1993) (citations omitted).

In determining whether dismissal is an appropriate sanction for violation of a discovery order, courts generally consider the factors outlined in Poulis v. State Farm Fire & Cas., 747 F.2d 863 (3d Cir. 1984). However, such analysis is not always necessary. See Dover v. Digugliemo, 181 F. App'x 234, 237-38 (3d Cir. 2006) ("[A] Poulis analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal."). The Poulis factors to be weighed are:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the

6

> effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claim.

Orama v. Boyko, 243 F. App'x 741, 742-43 (3d Cir. 2007) (citing Poulis, 747 F.2d at 868). Whether to dismiss a case is within the Court's discretion. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). No particular Poulis factor is controlling, and dismissal may be granted even if some of the factors are not met. See Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir. 1992).

The Court finds an analysis of the six Poulis factors supports a recommendation of dismissal. First, plaintiff carries full personal responsibility for his failure to take part in the case because he proceeded in this action pro se. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). This is especially true here because plaintiff's failure to cooperate with his former counsel compelled her withdrawal. See Bell v. Pleasantville Hous. Auth., C.A. No. 09-4614 (NLH/JS), 2012 WL 12977980 (D.N.J. Nov. 20, 2012) (noting the plaintiff's failure to cooperate with former counsel was further evidence of plaintiff's personal attribution), aff'd, 572 F. App'x 93 (3d Cir. 2014). Therefore, responsibility for the failure to appear and to comply with the Court's Orders and

7

defendant's discovery requests cannot be placed on anyone but plaintiff himself.

Second, the prejudice to defendant caused by plaintiff's failure to comply with the Court's Orders supports dismissal. The Third Circuit has instructed that "prejudice is not limited to 'irremediable' or 'irreparable' harm" and "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Briscoe, 538 F.3d at 259 (internal citation and quotation omitted). "Oftentimes, this type of prejudice involves disputes between the parties on discovery matters because the defendants were deprived of necessary information." Id.; see also Poulis, 747 F.2d at 868 (finding prejudice to defendant where plaintiff filed neither answers nor objections to interrogatories). In the present case, plaintiff's refusal to provide written discovery and his failure to appear on multiple occasions have caused delays and impeded defendant's ability to effectively prepare a full and complete trial strategy. Thus, the Court finds plaintiff's conduct has prejudiced defendant, and accordingly, this factor weighs in favor of dismissal.

Plaintiff's history of dilatoriness in this action also favors dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying

with court orders." Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted). Plaintiff has ignored five Court Orders directing him to respond to discovery requests and appear before the Court. In addition, plaintiff's former counsel has asserted plaintiff's pattern of dilatoriness as the basis for her decision to move to withdraw as counsel. Thus, plaintiff has a well-documented history of dilatoriness and noncompliance with the Court's Orders which weigh in favor of dismissal. In fact, there is no indication in the record that plaintiff wishes to pursue the case.

Plaintiff's conduct in this case, or lack thereof, has been willful and in bad faith which weighs in favor of dismissal. Plaintiff's willful failure to participate in this litigation is manifest as evidenced by the withdrawal of his prior counsel and plaintiff's refusal to respond to defendant's discovery requests and the Court's Orders. Plaintiff's neglect of the Court's Orders directing him to respond to discovery and to appear in-person in response to Orders at numerous hearings demonstrates bad faith and disregard for the Court's authority.

Because plaintiff has repeatedly ignored the Court's Orders, the Court finds that dismissal is the only effective sanction. Plaintiff has been afforded ample opportunity to show cause for his unexcused absences and to respond to discovery requests but has failed to do so despite the Court's repeated Orders. The Court

foresees little prospect that giving plaintiff another chance would elicit a change of behavior.

Last, the Court considers whether defendant has presented any meritorious defenses to plaintiff's claims. As the Poulis Court noted, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70. Defendant asserts its actions were based upon nondiscriminatory and nonretaliatory reasons. Defendant contends plaintiff was terminated for theft and it has a photograph that shows plaintiff in the act of stealing tires as proof. See Answer ¶¶ 27-29 [Doc. No. 6]. If established at trial, the above could constitute a complete defense to plaintiff's claims of pretextual employment termination. See Tibaldi v. BASF Corp., 2008 WL 4092809, at *4 (N.J. Super. Ct. App. Div. Sept. 5, 2008) (affirming summary judgment in favor of defendant on NJLAD claims where plaintiff failed to discredit the legitimate basis for his termination articulated by defendant, that plaintiff stole food from the cafeteria).

Indeed, even without a finding that defendant has meritorious defenses to all of plaintiff's claims, the Poulis factors favor dismissal. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988) ("Not all of [the Poulis] factors need be met for a district court to find dismissal is warranted."); Pak-Vak Sys. v. T&S Products,

10

C.A. No. 05-3518 (FSH), 2006 WL 2844149, at *1 n.1 (D.N.J. Sept. 6, 2006), adopted by C.A. No. 05-3158 (SRC), 2006 WL 2844162, (D.N.J. Oct. 3, 2006) (concluding dismissal was warranted without any finding as to a meritorious defense because prejudice to defendant was clear due to plaintiff's failure to comply with discovery obligations). The Court recognizes that dismissal of a complaint is reserved for the most extreme cases. Poulis, 747 F.2d at 867-88. Nevertheless, the Court believes this relief is appropriate here. Plaintiff willfully refuses to cooperate in discovery and repeatedly ignores Court Orders. It is evident that plaintiff's actions manifest his intention not to pursue the case. This being the case, there is no lesser alternative sanction than to dismiss plaintiff's claims.

**CONCLUSION**

Accordingly, and for the foregoing reasons, it is this 4th day of March 2019 respectfully recommended that plaintiff's claims be dismissed. Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(c)(2), the parties shall have fourteen (14) days from the date of this Order in which to file any objections with the Court.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

11